UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNETH CARMEN and ALLISON CARMEN, h/w | |
| Plaintiffs, | Civil Action No. 05-4579(NLH) |
| v. | |
| CITY OF PLEASANTVILLE, ET AL., | OPINION |
| Defendants. | |

**APPEARANCES:**

Stuart J. Alterman, Esq.
Daniel M. Replogle, III, Esq.
800 Kings Highway North
Suite 301
Cherry Hill, NJ 08034-1511
*Attorney for Plaintiffs*

A. Michael Barker, Esq.
Barker, Douglass & Scott, PC
Linwood Greene
210 New Road, Suite 12
Linwood, NJ 08221
*Attorney for defendants City of Pleasantville, Richard Gray, Ralph Peterson, Russell Whaley, Frank Balles, Scott Seliga, Henry Frank, and Duane Comeaux*

**HILLMAN, District Judge**

This matter comes before the Court on defendants' motion to dismiss plaintiffs' complaint for failure to effectuate proper service on Richard Gray, Russell Whaley, Henry Frank, Frank Balles and Scott Seglia. For reasons explained below, defendants' motion is granted as to defendants Richard Gray, Russell Whaley and Henry Frank, but denied as moot as to

defendants Frank Balles and Scott Seglia.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2005, plaintiffs filed a complaint against the named defendants. Over four months later, attorney Karen Williams filed an application on behalf of all the named defendants for a Clerk's Order for extension of time to answer the complaint. She stated in her application filed with the Court that "Service of Process was effected on December 15, 2005, by way of Notice of Lawsuit and Request for Waiver of Service of Summons. Waiver of Service of Summons was executed and forwarded to Plaintiff on February 9, 2006." No waiver of service signed by Karen Williams on behalf of any of the defendants has been filed with the Court.

Shortly thereafter, waivers of service and answers to the complaint were filed individually by defendants City of Pleasantville, Duane Comeaux, and Ralph Peterson. A formal substitution of attorney A. Michael Barker for Karen Williams was filed on July 5, 2006.

On September 9, 2006, attorney Barker, as attorney for defendants City of Pleasantville, Duane Comeaux, and Ralph Peterson, filed a motion to dismiss plaintiffs' complaint against Richard Gray, Russell Whaley, Frank Balles, Scott Seglia and Henry Frank for failure to effectuate proper service on them.

Plaintiffs opposed the motion and argued that waiver of service was executed and forwarded on February 9, 2006, by Karen Williams as attorney for defendants.  Plaintiffs also relied upon Ms. Williams's statement in her request for an extension of time to answer that service was effected by plaintiffs on December 15, 2005.[1]

On November 13, 2006, counsel for the parties met with the Magistrate Judge.  The issue of improper waiver of service as to Richard Gray, Russell Whaley, Frank Balles, Scott Seglia and Henry Frank was raised and plaintiffs were given additional time to properly effect service.  On December 20, 2006, Mr. Barker filed a reply in support of his motion to dismiss stating that plaintiffs did not serve the remaining defendants within the additional time permitted by the Magistrate Judge.  Nine days later, summons were issued as to Richard Gray, Frank Balles, Scott Seglia and Henry Frank.  Defendants Balles and Seglia subsequently filed answers to the complaint in January 2007.  On February 7, 2007, plaintiffs entered a request for default against Richard Gray, Russell Whaley and Henry Frank.[2]

---

[1] Plaintiffs also attached a copy of a waiver of service sent December 12, 2005, signed by Scott Seglia, but not dated. This waiver was not separately filed with the Court but only appears as an attachment to plaintiffs' response.

[2] On February 21, 2007, Karen Williams filed a motion to withdraw as attorney for Richard Gray, Russell Whaley and Henry Frank, which was granted by the Magistrate Judge on April 3, 2007.  No opposition to the motion was filed.

On April 26, 2007, this Court held a hearing on the motion to dismiss on the issue of whether the filing by Karen Williams of the request for extension to answer the complaint containing the statement that service was effected upon the defendants and that a waiver of service had been executed constituted conduct that would waive the requirement under Fed.R.Civ.P. 4(d)(4) that the plaintiff file a waiver of service with the court.[3]

## II.  DISCUSSION

The motion to dismiss originally requested dismissal of five named defendants, Richard Gray, Russell Whaley, Frank Balles, Scott Seglia and Henry Frank.  Since the filing of that motion, two of the five named defendants, Frank Balles and Scott Seglia, have answered the complaint rendering the present motion for dismissal moot as to them.  The remaining three defendants named in the motion, Richard Gray, Russell Whaley and Henry Frank, have not answered the complaint.  Counsel for the defendants argues that these three were never served nor executed a waiver of service and, therefore, the complaint against them should be dismissed.  Counsel for the plaintiffs argues that Ms. Williams

---

[3] It was also requested that Mr. Barker supply to the Court a clear statement that he represented all defendants in this matter, including those he alleges were not properly served, so as to resolve any issue regarding standing to file the motion to dismiss.  Accordingly, Mr. Barker filed his notice of appearance on behalf of Richard Gray, Russell Whaley and Henry Frank on May 3, 2007.

executed a waiver of service on their behalf and, therefore, requests entry of default judgment for failure to answer. Plaintiffs' counsel made clear that he was relying solely on the representation by Ms. Williams as grounds for waiver of service of the defendants.[4]

Rule 4(d) permits a plaintiff to notify a defendant of the commencement of an action and request waiver of service of the summons and complaint. Rule 4(d) outlines particular requirements to effect waiver of service, including the filing of the executed waiver of service with the Court. See Fed.R.Civ.P. 4(d)(4). It is plaintiffs' duty to file the waiver of service. Id. Without proper service, this Court cannot exercise jurisdiction over the defendant. See, e.g., Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980)(affirming district court conclusion that it could not exercise personal jurisdiction against defendant because he was not personally served).

The issue presented to counsel during the April 26, 2007 hearing was whether an attorney's representation that a waiver of service was signed causing opposing counsel to rely on that

---

[4] It is noted by the Court that although plaintiffs' counsel relies solely on the request for extension filed by Ms. Williams as evidence of proper waiver of service of the defendants, plaintiffs filed waivers of service or obtained summonses for certain defendants *after* Ms. Williams's request for extension on behalf of all defendants. Counsel for plaintiffs did not explain why he was relying on Ms. Williams's representation for Richard Gray, Russell Whaley and Henry Frank, but not for the other defendants.

representation could constitute conduct that would provide an equitable waiver of the requirement under Rule 4(d)(4) for plaintiff to file a waiver of service with the Court.  Since this issue was not directly addressed by the parties in their briefs, the Court gave plaintiff's counsel additional time to research and to supply a letter brief to explain under what circumstances, if any, conduct by an attorney could constitute equitable waiver of the requirements under Rule 4(d).

Plaintiffs have not provided any rule or case law that would support their argument that Ms. Williams's conduct is a defacto waiver of Rule 4(d).  Plaintiffs provide the Court with only two cases from adversary proceedings in the bankruptcy court in support of their position, Okechuku v. Reckling, No. 05-1902, 2007 WL 1231725 (Bankr. D.N.J. Jan. 17, 2007) and Parisi v. Salemi, No. 05-2397, 2006 WL 4457348 (Bankr. D.N.J. May 31, 2006).  Both cases are distinguishable.  In Okechuku, the court followed the rule that an attorney may have implied authority to receive service of process in an adversary proceeding after providing active representation in a related case.  2007 WL 1231725, at *5.  The court found that the attorney acted on behalf of the defendant during the proceedings, including agreement to accept service.  Id.  In Parisi, the original adversary complaint was properly served on the defendants but the attorney accepted service of the amended complaint.  2006 WL

6

4457348, at *1.  The attorney at all relevant times represented the defendants in the bankruptcy proceeding.  Id. at *3.

Here, we do not have any prior active representation in a related case by Ms. Williams of the defendants, and with the exception of the filing of the request for extension, Ms. Williams did not engage in any other active representation of the defendants in this matter.  See U.S. v. $184,505.01 In U.S. Currency, 72 F.3d 1160, 1164 (3d Cir. 1995)(finding initial service of process on defendant's criminal attorney was not proper service in civil action).  Even so, these cases do not provide grounds for excusing plaintiffs of their duty to file the waiver of service pursuant to Rule 4(d)(4).[5]

We find that a plain reading of Rule 4(d) requires that the notice be in writing "addressed directly to the defendant" and that the plaintiff file the waiver of service with the court, and until then, the action cannot proceed.  The request for extension of time filed by Ms. Williams does not comport with the requirements of Rule 4.  There is no waiver of service, executed by Richard Gray, Russell Whaley and Henry Frank, filed with the court.  It is plaintiffs' burden to take those steps and they have failed to do so.  In its place, they rely on representations

---

[5] We note that the failure by plaintiffs to file the waiver of service is not a pure technical violation.  Plaintiffs simply failed to produce any waiver of service at all on Richard Gray, Russell Whaley and Henry Frank.  The Court must assume that one does not exist.

made by an attorney in a request for extension of time to answer the complaint. Plaintiffs do not support their reliance with any case law or rule that would permit this Court to find defacto or equitable waiver of service and be able to exercise jurisdiction over Richard Gray, Russell Whaley and Henry Frank.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiffs' complaint for failure to effectuate proper service on Richard Gray, Russell Whaley and Henry Frank is granted. Defendants' motion to dismiss plaintiffs' complaint for failure to effectuate proper service on Frank Balles and Scott Seglia is denied as moot.

An Order consistent with this Opinion will be entered.

                                              s/Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: June 11, 2007